UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| United States of America | ) | |
| --- | --- | --- |
| | ) | |
| | ) | |
| | ) | No. 12 CR 755 |
| | ) | |
| | ) | Hon. Ronald A. Guzmán |
| v. | ) | |
| | ) | |
| Jose De Jesus Ramirez-Padilla, *et al*. | ) | |
| | ) | |
| | ) | |

## Memorandum Opinion and Order

Defendant, Daniel Montez, has filed a motion to sever and, in the alternative, a motion to preclude the government from introducing evidence of gang affiliation. Mr. Montez is charged with possession with intent to distribute mixtures containing detectable amounts of cocaine. He is not charged with being a member of the conspiracy to distribute the same. He contends that Count I which charges some of his codefendants with conspiracy and Counts II, VI and XXI for which he is charged, were improperly joined under Rule 8(b). His concern is that the he will be prejudiced by the likelihood that jury may hold him responsible for the amounts of cocaine associated with those other defendants to him. In short, he argues that: "[I]f he is forced to proceed to trial with co-defendants charged with conspiring with each other to possess with intent to distribute cocaine and the amounts of cocaine alleged to have been possessed and distributed by those conspirators, that the jury will unfairly attribute those "conspired" amounts to the

amounts he is alleged to have possessed separate from the conspiracy: a conspiracy which he did not join, and for which he was not charged.

Rule 8(b) governs the joinder of multiple defendants in a single indictment. *United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012). It provides, in part, that "[t]he indictment ... may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b) "is to be construed broadly to allow liberal joinder in order to enhance judicial efficiency." *United States v. Stillo*, 57 F.3d 553, 556 (7th Cir. 1995). Joinder is appropriate when the defendants are charged with crimes that well up out of the same series of such acts, but they need not be the same crimes." *United States v. Williams*, 553 F.3d 1073, 1078 (7th Cir. 2009); *United States v. Cavale*, 688 F.2d 1098, 1106 (7th Cir. 1982). Thus, a defendant charged with a conspiracy to distribute heroin may properly be joined with others who conspired and others who were involved in the execution of the conspiracy. Proof of acts or transactions in furtherance of the conspiracy would be admissible and likely necessary to establish the conspiracy itself. The mere existence of evidentiary spill-over is not normally sufficient grounds for severing a properly joined defendant. *U.S. v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001) (citing cases which have rejected severance on the basis of spillover evidence).

From the pleadings it would appear that a severance would cause the government to have to call many of the same witnesses to testify at both trials. Acts the

defendant was involved in which also furthered the conspiracy would be admissible and likely necessary evidence in separate trials against his co-defendants as well. Thus, separate trials would require the government to prove many of the same acts and occurrences twice, or possibly 3 or 4 times as there are several defendants not participants in the conspiracy still remaining in the case. Against this, we weigh the potential prejudice to the defendant.

We find that the likelihood of prejudice to the defendant is not significant in this case. The elements of the conspiracy are different and easily separated both conceptually and on the evidence from those of the actual possession or distribution of the cocaine. In addition, counts 2, 6 and 21 are not dependent upon, nor do they require, that the jury determine a specific amount of controlled substance, only that a detectable amount be shown. It is not likely, therefore, that a jury will become confused and attribute testimony as to the amounts of cocaine adduced is support of the allegations of the conspiracy described in Count One to the defendant. His alleged crimes are quite easily viewed and considered separately. Moreover, the jury will be instructed that each defendant and each count are to be judged separately on the evidence appropriate to that defendant and offense only. A finding of guilt or innocence as to one count or any single defendant is not to be considered as evidence of guilt as to any other count or defendant.

For the reasons given above, the defendant's, motion to sever is denied.

The Government has declared it does not intend to introduce evidence of Mr. Montez' gang affiliation, therefore, the motion to bar evidence of the same is denied as moot.

Dated: April 18, 2014

**SO ORDERED**     ENTER:

*Ronald A. Guzmán*
---------------------------------------------
**RONALD A. GUZMÁN**
**District Judge**