IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **United States of America,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Daniel Montez,** )<br>)<br>)<br>**Defendant.** )<br>)<br>) | No. 12 cr 755-8<br><br>Judge Ronald A. Guzmán |

# MEMORANDUM OPINION AND ORDER

Defendant Daniel Montez moves the Court for an order excluding as hearsay certain tape-recorded conversations between himself and Helein Ramirez-Padilla, a codefendant. The government intends to introduce a number of tape-recorded telephone conversations obtained during authorized wiretap surveillance as evidence of the defendant's purchase and possession with intent to deliver cocaine.[1] Out-of-court statements made by the defendant are of course, admissions, which are an exception to the hearsay rule. Statements made by Ramirez-Padilla, however, are not admissions and would constitute hearsay only if offered for the truth of the matters asserted. But it is well-established that "when statements are merely offered to show context, they are not being offered for the truth of the matter asserted, and therefore, [do] not require confrontation." *United States v. Nettles,* 476 F.3d 508, 517 (7th Cir. 2007). *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("The [Confrontation] Clause also does not

---

[1] Specifically, the defendant objects to the introduction of telephone calls denominated as government exhibits TP3 Call 309, TP3 Call 314, TP3 Call 316, and TP3 Call 322.

bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.") ; *United States v. Tolliver,* 454 F.3d 660, 666 (7th Cir. 2006).

The defendant insists that every statement made by Ramirez-Padilla in the complained of recorded conversations is being offered for the truth of the matter asserted, and is therefore inadmissible hearsay. The government, on the other hand, asserts that the statements are not being offered to prove the truth of the matters asserted, but rather merely to give context to the statements made by the defendant during his conversations with Ramirez-Padilla. Indeed, it would be difficult if not impossible to understand what the defendant is saying in the recorded conversations and what he intends if only his half of the conversation were allowed into evidence. Ramirez-Padilla was not at any time a government informant or cooperating individual. He was one of the over 20 defendants named in the indictment along with the defendant. Therefore, he had no incentive to incriminate the defendant during the course of conversations that he did not know were being recorded by the government and would be used as evidence against him as well.

In his blanket objection to every statement in the recordings by Ramirez-Padilla, the defendant includes expressions that are neither statements nor hearsay. For example, the defendant objects to the statement by Ramirez-Padilla on line 11 of TP 3 Call 309: "No, dude, it's just that, I was sleeping dude. . . .You called me very late dude, no man, but if I didn't answer is because I was sleeping." But this comment is in response to and helps to put into context the defendant's preceding question to Ramirez Padilla: "F_ _ _, son of a bitch, are you on vacation?" Taking these statements together, the listener can infer that the defendant had previously attempted to call Ramirez-Padilla but was unable to contact him, hence the query as to whether

Ramirez-Padilla was on vacation.  Without this response, it would be very difficult to understand why the defendant was asking Ramirez-Padilla if he was on vacation.  Indeed, without this context, one might conclude that the entire conversation had to do with Ramirez-Padilla's vacation.

Later in the conversation, Ramirez-Padilla's contributions consist of "Uh-huh" (line 22), "Where . . ." (line 26), "Let me know where, somewhere around" (line 30), and "Yes" (line 35).  It is doubtful that any of these quotes are even statements as defined in Federal Rule of Evidence ("Rule") 801.  Line 22 is, at most, Ramirez-Padilla agreeing with the defendant's assertion of fact and intent.  Line 26 is a question, while Line 30 is a directive or command, not an assertion of any fact or matter.  All of these are direct responses to the defendant's statements and give context to the defendant's preceding or following statements.  Line 35 does not appear to assert any fact or matter, and is, at most, a statement that the declarant will do as the defendant instructs.  The entire conversation describes the defendant informing Ramirez-Padilla of his needs and inquiring of Ramirez-Padilla if, where and when he will be able to meet those needs.  The conversation would make little sense without Ramirez-Padilla's responses to the defendant's questions and comments.  As another example, at the end of the conversation the defendant says "okay" three separate times (Lines 53, 57, 61).  Without Ramirez-Padilla's preceding questions or comments, the trier of fact would have no way of knowing with what the defendant was agreeing.

When asked by the Court to explain his specific arguments with respect to these particular entries, defense counsel, rather than answering directly, insisted on directing the Court's attention to a portion of TP 3 Call 6510 and arguing that a portion of that transcript was

contradicted by the government's description of the very same conversation in its *Santiago* proffer to a separate defendant.  The Court finds this response inapposite.

Whether specific statements in the transcript of one recorded conversation are hearsay and whether the transcript of another recorded conversation is accurate are two entirely different issues.  Defense counsel's conflation of these issues during oral argument hopelessly muddled his motion to exclude.  Therefore, the Court orders the defendant to file an amended motion to exclude that specifically identifies each of Ramirez-Padilla's statements that the defendant contends is inadmissible hearsay as defined by Rule 801, the basis for the defendant's belief that each of the identified statements constitutes hearsay, and his response to the government's contention that each identified statement is not offered for the truth of the matter it asserts but as context for defendant's admissions.

Dated: June 10, 2014

**SO ORDERED**                    **ENTER:**

----------------------------------------
**RONALD A. GUZMÁN**
**District Judge**